**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TODD SMITH, | |
|       Plaintiff, | |
|    v. | |
| VILLAGE OF DEERFIELD and JOHN SLIOZIS and THOMAS KEANE, in their individual capacities, | Case No. |
|       Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Todd Smith ("Officer Smith" or "Plaintiff"), through his undersigned counsel, complains against Defendants, the Village of Deerfield ("the Village" or "Deerfield"), Police Chief John Sliozis ("Sliozis"), and Deputy Chief Thomas Keane ("Keane"), as follows:

1.    Plaintiff Officer Smith brings this action to redress acts of discrimination in violation of his rights pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (hereinafter "USERRA") (Count I); and to redress acts of retaliation in violation of USERRA (Count II).

2.    Plaintiff alleges that he has been passed over for promotions because of his military service and denied other benefits of his employment, as well as retaliated against after he complained about what he reasonably believed were violations of

USERRA and because he complained that he was being discriminated against because of his military service.

## JURISDICTION

3.     This Court has jurisdiction pursuant to 38 U.S.C. § 4323(b)(2), 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

4.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## PARTIES

5.     Officer Smith is a citizen of the State of Illinois and resides within the Northern District of Illinois.

6.     Officer Smith has been employed with the Village, through the Deerfield Police Department, since September 2, 1997.

7.     Officer Smith is also a Lieutenant in the U.S. Coast Guard Reserve.

8.     The Village of Deerfield is a municipality incorporated under the laws of the State of Illinois. The Village administers itself through its departments, one of which is the Police Department.

9.     At all relevant times, Defendant John Sliozis served as the Chief of Police of the Village of Deerfield.

10.     Defendant Sliozis was a policy maker for the Police Department and has final policy making authority and/or was delegated with final policy making authority with regard to conduct alleged herein.

11.     At all relevant times, Defendant Thomas Keane has served as a Deputy Chief of the Police Department.

12.     Defendant Keane was delegated with final policy-making authority with regard to conduct alleged herein.

## FACTUAL ALLEGATIONS

13.     Officer Smith has been employed as a police officer with the Village since 1997.

14.     Officer Smith has been a member of the U.S. Coast Guard Reserve since August 8, 2005.

15.     At all relevant times, Officer Smith satisfactorily performed his duties as a police officer for the Village of Deerfield.

16.     Plaintiff has received good performance evaluations.

17.     Officer Smith is the only officer in the Village's police department who is an active military service member.

18.     As a member of the U.S. Coast Guard Reserve, Officer Smith is required to participate in monthly and annual training.

19.     At a minimum, Officer Smith is required to attend training with the U.S. Coast Guard Reserve at least one weekend a month for three to four days.

20.     In addition, Officer Smith is required to attend at least two weeks of annual training.

21.     As a result of the needs of Officer Smith's military unit(s) and his position, he is often required to perform additional duties with the U.S. Coast Guard Reserve.

22.     In 2008, Plaintiff participated in a promotional examination for the rank of sergeant.

23.     Officers are not told their scores. The only way the officers learn whether they have passed the promotional examination is when the promotion eligibility list is released.

24.     Plaintiff passed the examination and was placed on the eligibility list.

25.     However, Plaintiff was not promoted off of the list before the list expired because there were an insufficient number vacancies for Sergeant.

26.     After three years or once the list is exhausted, the promotion eligibility list expires and a new promotional examination is held in order to create a new eligibility list.

27.     Beginning in 2005 and continuing through the present, Plaintiff was ordered to military duty several times, including at times, extended periods of 6 months of service, or more. Plaintiff was also on continuous active duty from November 2011 through June 2015.

28.     Almost each and every time Plaintiff submitted his orders for military duty and request for military leave, Defendant Keane would say to Plaintiff in effect,

4

"Can we say no to this?," suggesting that they wanted to deny Plaintiff his request for military leave.

29.     On March 8, 2010, Plaintiff complained that Defendants were seeking reimbursement for military pay for which the Village was not entitled, specifically stating in part:

> Per Illinois Statute 5 ILCS 325/ Military Leave of Absence Act, the Village is not entitled to reimbursement for periods of annual training. I have enclosed a copy of the statute and the definition of Active Duty for Training - Annual Training (ADT-AT). This is designated on my orders for August 2009 and January 2010, which are attached. The [U.S. Coast Guard Reserve] fiscal year runs Oct-Sept, which is why you see two periods of ADT-AT.

30.     Plaintiff ultimately had to file a grievance over this issue. Plaintiff won the grievance.

31.     Plaintiff received orders to report for military duty in June 2010, August 2010, and again in September 2010.

32.     In September 2010, Defendant Keane called Officer Smith's Commander in the U.S. Coast Guard Reserve to discuss his commitment with the U.S. Coast Guard Reserve, and inquired about whether or not Defendants had to give Plaintiff military leave and if they could say "no" to Plaintiff's request for military leave.

33.     Plaintiff again received military orders to report for October 8, 2010 through April 5, 2011.

34.     As a result of Plaintiff's military orders, Plaintiff submitted a request to withdraw his pre-approved vacation request for October 9-12, 2010.

35.     Defendants denied Plaintiff's request.

36.     When Plaintiff stated that he did not wish to use his vacation days he already had scheduled for October 9-12, 2010, because he was now scheduled for military duty, Defendant Keane commented to Plaintiff in effect that the Village would just leave it as vacation days. Plaintiff advised Defendant Keane that doing so would be a violation of USERRA.

37.     On October 8, 2010, Plaintiff reiterated the complaint that the Village was violating USERRA by forcing him to use his vacation time for military service leave, stating in part:

> Please find attached a copy of my Military Orders for the period of 10/08/10-04/05/11. Per our conversation yesterday, I currently have vacation scheduled for 10/09/10-10/12/10. I do not wish to use this vacation time and request my Military Leave begin on 10/09/10. During our conversation you stated your intent to charge me vacation days during this period in violation of Federal Law. I have included the USERRA citation that states "No employer may require any such person to use vacation, annual, or similar leave during such period of service."

38.     Despite Plaintiff's request to withdraw his vacation request, Defendants deducted 32 hours from Plaintiff's vacation time.

39.     Plaintiff filed a grievance with his Union over the unlawful deduction of his vacation time.

40.     Plaintiff ultimately won the grievance and Defendants had to reimburse Plaintiff the time that they deducted from his vacation accrual.

41.     In or about November 2010, both Defendants Keane and Sliozis again contacted Plaintiff's military command, questioning his orders and requests for military leave.

42.     On March 21, 2011, Plaintiff informed Defendants of his new orders starting May 1, 2011 through August 15, 2011 for military duty, and requested to use vacation time for the period of April 17, 2011 through April 30, 2011.

43.     In response, Defendant Keane requested copies of Plaintiff's military orders, and denied Plaintiff's request for vacation time, limiting the days that he could take for vacation.

44.     On May 16, 2011, Plaintiff again complained that Defendants were discriminating against him by taking excess payroll deductions for his military leave service, which ultimately was determined to be in excess of $5,600.00.

45.     Plaintiff had to involve his Union and the Village's attorney to get the matter of excessive payroll deductions resolved.

46.     Defendants ultimately acknowledged that they were wrong in the deductions and compensated Plaintiff.

47.     In May 2011, Officer Smith was called to duty in Washington D.C. for mission support.

48.     In November 2011, Officer Smith was again called to duty in Washington D.C. for mission support.

49.     In December 2011, while Plaintiff was on active military duty, the Village set another sergeant promotional examination in which Plaintiff again participated by obtaining temporary leave from his military service duties.

50.     On or about January 24, 2011, Defendant Keane informed Plaintiff that he did not make the final eligibility list for Sergeant. Defendant Keane would not provide any additional information.

51.     Plaintiff passed the written examination and performed well in the oral interview.

52.     Police Commissioner Rick Hiton told Plaintiff that he "performed well" during his oral interview. Commissioner Hiton advised Plaintiff that he passed the oral exam and they scored him very high. Additionally, Commissioner Hiton also stated that he and Commissioner Paul Blakely asked Defendant Sliozis to call Plaintiff and tell Plaintiff why he was not on the eligibility list.

53.     Plaintiff contacted Defendant Sliozis and asked why he did not make the list despite having passed the written examination and being told that he had done well on the oral interview.

54.     Defendant Sliozis refused to meet with Plaintiff to provide an explanation.

55.     The officer that Defendants promoted to Sergeant had less seniority than Plaintiff, was less qualified, and was not a military service member.[1]

_____

[1]     The officer that was promoted to sergeant has since been promoted to Commander, showing that Plaintiff continues to be denied promotional opportunities.

8

56.     In March 2012, Officer Smith was called to duty for Operation Iraqi Freedom and Operation Enduring Freedom.

57.     On or about July 26, 2012, Plaintiff against provided Defendant Sliozis with his military orders for the period of August 1, 2012 thru July 31, 2015. Defendant Sliozis asked if Plaintiff's orders were voluntary or involuntary. Defendant Sliozis also declined to discuss the results of the prior promotional examination, but asked Plaintiff what his intentions were in the next promotional test. Plaintiff advised that he intended to take the promotional examination, and requested that he be allowed to proctor the examination in Washington DC, where he would be stationed per his military orders.

58.     In the Fall of 2012, another promotional examination was held because the previous eligibility list was exhausted.

59.     At that time, Plaintiff was still on active duty and requested that he be allowed to have the promotional examination proctored in Washington, D.C. by the U.S. Coast Guard.

60.     Defendant Sliozis denied Plaintiff's request to have the examination proctored by the U.S. Coast Guard.

61.     As a result, Plaintiff was unable to participate in this examination and be included on the 2012 promotional eligibility list. Defendants made three promotions off of this list. All three of the individuals promoted were junior to Plaintiff in seniority and less qualified.

62.     In November 2012, Plaintiff requested to accrue in excess of 240 hours towards vacation/holiday time. Defendants denied Plaintiff's request. Plaintiff complained that he believed that this was a violation of the Illinois Military Leave of Absence Act.

63.     In the fall of 2015, Plaintiff participated in another sergeant promotional examination.

64.     During the oral interview portion of the examination, Defendant Sliozis specifically questioned Plaintiff about whether his military orders were voluntary or involuntary.

65.     When the preliminary promotion eligibility list was released on November 20, 2015, Plaintiff was once again not included on it, despite having received excellent performance evaluations since the previous examination and holding prestigious ratings and positions such as Field Training Officer and Master Officer.

66.     Andrew Kupsak, an officer who had less seniority than Plaintiff and was not a military service member, was placed on the eligibility list, and was subsequently promoted on January 4, 2016. Plaintiff was more qualified than Kupsak.

67.     Since notifying the Police Department Command Staff of Plaintiff's intent to joint the U.S. Coast Guard Reserve and continuing to the present, Defendants have discriminated against Plaintiff based on his military service by denying Plaintiff's special assignments, including but not limited to the following: Northern Illinois

PoliceAlarm System (NIPAS) Field Force; Major Crimes Task Force; detective; Major Crash Assistance Team Investigator; DARE; and range officer.

68.　　Defendants have discriminated against Plaintiff in violation of USERRA by including but not limited to the following: denying Plaintiff promotions and other opportunities for advancement; denying Plaintiff special assignments; denying Plaintiff's requests for leave; denying Plaintiff career development pay; and other terms and conditions of his employment.

69.　　Defendants have retaliated against Plaintiff in violation of USERRA and because he complained about discrimination against military service members and violations of USERRA, by including but not limited to the following: denying Plaintiff promotions and other opportunities for advancement; denying Plaintiff special assignments; denying Plaintiff's requests for leave; denying Plaintiff career development pay; and other terms and conditions of his employment.

## COUNT I
### Discrimination in violation of USERRA

70.　　Plaintiff alleges and incorporates the allegations of paragraphs 1 though 69 of this complaint as if set forth fully herein against Defendants.

71.　　The Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) prohibits discrimination in employment against individuals who have been called to duty in the uniformed service.

72.     Section 4304(4)(A) USERRA provides that the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities.

73.     Specifically, section 4311(a) provides that an employee may not be denied promotion on the basis of the employee's membership in the uniformed service.

74.     Section 4311(a) prohibits an employer from engaging in acts of discrimination against past and present members of the uniformed services, as well as applicants to the uniformed service.

75.     Defendants paid Plaintiff salary or wages for work performed or otherwise had control over Plaintiff's employment opportunities.

76.     Defendants have discriminated against Plaintiff in violation of USERRA by including but not limited to the following: denying Plaintiff promotions and other opportunities for advancement; denying Plaintiff special assignments; denying Plaintiff's requests for leave; denying Plaintiff career development pay; and other terms and conditions of his employment.

77.     Plaintiff's military service and membership was a motivating factor in the Defendants' denial of Plaintiff's promotion.

78.     Defendants' violations of USERRA were willful as defined under 38 U.S.C. § 4323(d)(1)(C).

79.     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future

earnings, loss of past and future benefits, damage to professional reputation, undue pain and suffering, and emotional distress.

WHEREFORE, based on the foregoing, Plaintiff demands judgment in his favor and any and all relief available under USERRA, including but not limited to:

A.    Injunctive relief including but not limited to retroactive promotion to sergeant and an order requiring changes in the promotional process to ensure that no discrimination occurs in the future;

B.    Compensatory damages including but not limited to back-pay and actual damages, loss of past and future earnings, emotional distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

C.    Liquidated damages;

D.    An order requiring compliance pursuant to 38 U.S.C. § 4323(d)(1)(A);

E.    Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

F.    Interest, costs and disbursements; and

G.    Any other relief that the Court deems just.


## COUNT II
### Retaliation in violation of USERRA

80.    Plaintiff alleges and incorporates the allegations of paragraphs 1 though 69 of this complaint as if set forth fully herein against Defendants.

13

81.     USERRA prohibits retaliation against anyone who takes action to enforce a protection afforded an individual under USERRA or for having exercised a right provided for under USERRA. Specifically, Section 4311(b) provides that an employer may not discriminate in employment or take any adverse employment action against any person regardless of whether they have performed service in the uniformed service. 38 U.S.C. §4311(b).

82.     Officer Smith exercised a right under USERRA by requesting military leave and requesting to be treated the same as other similarly situated officers and requesting that Defendants comply with USERRA and other military leave laws.

83.     Officer Smith attempted to enforce his rights under USERRA by filing complaints and grievances about Defendants' discrimination because of his military service.

84.     Defendants have retaliated against Plaintiff in violation of USERRA and because he complained about discrimination against military service members and violations of USERRA, by including but not limited to the following: denying Plaintiff promotions and other opportunities for advancement; denying Plaintiff special assignments; denying Plaintiff's requests for leave; denying Plaintiff career development pay; and other terms and conditions of his employment.

85.     Officer Smith's military service was a motivating factor in Defendants' actions.

86.     Defendants' retaliatory actions were as defined under 38 U.S.C. §

4323(d)(1)(C).

87.    As a direct and proximate cause of Defendants' actions, Officer Smith has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, damage to professional reputation, undue pain and suffering, and emotional distress.

WHEREFORE, based on the foregoing, Plaintiff demands judgment in his favor and any and all relief available under USERRA, including but not limited to:

A.    Compensatory damages, including but not limited to, back-pay and actual damages, loss of past and future earnings, emotional distress, damage to professional reputation, humiliation, embarrassment, and pain and suffering;

B.    Liquidated damages;

C.    An order requiring compliance pursuant to 38 U.S.C. § 4323(d)(1)(A);

D.    Costs of suit, inclusive of reasonable attorneys' fees, expert witness fees, and other litigation expenses;

E.    Interest, costs and disbursements; and

F.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

TODD SMITH

*s/Dana L. Kurtz*

_____

Attorney for Plaintiff

*Electronically filed on March 28, 2016*

Dana L. Kurtz (ARDC # 6256245)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail:  dkurtz@kurtzlaw.us